IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK A. WHITE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-0728-D |
| | § | |
| T. SIMPSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Troy Simpson, Tedral Towrey, James Holbrook, and Ray King have filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion should be granted.

I.

Plaintiff Mark A. White was incarcerated at the Hutchins State Jail from January to April 2004.[1] During that four-month period, plaintiff alleges that the conditions of his confinement were constitutionally deficient in numerous respects. Specifically, plaintiff contends that: (1) inmates were routinely denied medical and dental care; (2) the food was nutritionally deficient and inadequately prepared; (3) the prison lacked adequate recreation facilities; (4) he was placed in administrative segregation for no apparent reason; (5) corrections officers verbally abused inmates and exacerbated racial tensions among the prisoners; (6) his prison identification card contained

---

[1] Plaintiff was released from the Hutchins States Jail just three weeks after this suit was filed. During the nearly two years this case has been pending, plaintiff has moved 10 different times. Court records show that plaintiff currently lives in Smyrna, Georgia.

incorrect information; (7) the bathrooms at the prison were unsanitary; (8) he was denied toiletries and other necessities; and (9) he was not allowed to attend religious services.

On April 7, 2004, plaintiff sued Warden Troy Simpson and various prison employees in federal district court for civil rights violations under 42 U.S.C. § 1983. Thereafter, plaintiff filed an amended complaint and answered written interrogatories propounded by the magistrate judge. After reviewing the operative pleadings, the magistrate judge determined that plaintiff failed to state a claim against the defendants, all of whom were sued in their supervisory capacities. *White v. Simpson*, No. 3-04-CV-0728-D, 2004 WL 1196125 (N.D. Tex. Jun. 1, 2004). Plaintiff timely objected to this recommendation and attempted to cure some of the defects identified by the magistrate judge. In light of the new matters raised by plaintiff in his objections, the district judge re-referred the case to the magistrate judge for further screening and recommendation. *See* Order, 8/19/04.

On September 10, 2004, the magistrate judge held a *Spears* hearing[2] to investigate the factual basis of this suit in more detail. At the conclusion of the hearing, the magistrate judge recommended the summary dismissal of those claims brought by plaintiff on behalf of other inmates and those claims that were not presented to prison and state authorities in Step 1 and Step 2 grievances. The magistrate judge determined that the other claims asserted by plaintiff should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). *White v. Simpson*, No. 3-04-CV-0728-D, 2004 WL 2049306 (N.D. Tex. Sept. 13, 2004). After obtaining multiple extensions of time, plaintiff filed objections to this recommendation and sought leave to file a second amended complaint.[3] The

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] Plaintiff did not formally seek leave to amend. Instead, he tendered an amended complaint as part of his objections to the magistrate judge's recommendation. The district judge construed the pleading as a motion for leave to amend and granted the motion. *See* Order, 2/17/05 at 2.

district judge granted leave to amend and re-referred the case to the magistrate judge for further consideration. *See* Order, 2/17/05.

In his amended complaint filed on February 10, 2005, plaintiff alleges, *inter alia*, that the food at the jail was cold, inadequately prepared, and did not meet caloric intake standards. (Plf. Sec. Am. Compl. at 9-10, ¶ 2). Plaintiff reported his concerns to Captain Ray King and Warden Troy Simpson, but no corrective action was taken. (*Id.* at 9-10, ¶ 2 & 16, ¶¶ A-B). Eventually, plaintiff became ill from eating the food and lost a total of five pounds in a matter of weeks. (*Id.* at 9, ¶ 2). Plaintiff sought medical treatment for his illness on or about February 8, 2004. (*Id.* at 10, ¶ 3 & 16, ¶ C). However, Lieutenant Tedral Towrey allegedly ignored his sick call request. (*Id.* at 10-11, ¶ 3). When plaintiff finally was taken to the medical department six days later, he contends that Dr. James Holbrook refused to treat him. Instead, another doctor prescribed antibiotics for plaintiff's fever, stomach pains, and diarrhea. (*Id.*). Plaintiff further alleges that his dormitory did not have adequate plumbing and that the bathrooms were filthy and infested with insects. (*Id.* at 13-14, ¶¶ 6-7). Once again, plaintiff complained to Warden Simpson, who failed to remedy these unsanitary conditions. (*Id.* & 19-20, ¶¶ A-D).

As directed by the district judge in his order of re-reference, the magistrate judge screened plaintiff's second amended complaint to determine whether any of his claims survived summary dismissal. Without suggesting a view on the merits of these claims or whether dismissal would be proper in another procedural context, the magistrate judge determined that plaintiff should be permitted to prosecute his food preparation claim against Warden Simpson and Captain King, his medical care claim against Lieutenant Towry and Dr. Holbrook, and his sanitation claim against Warden Simpson. *White v. Simpson*, No. 3-04-CV-0728-D, 2005 WL 425264 (N.D. Tex. Feb. 22,

2005). The district judge adopted this recommendation and process was issued to the defendants. *See* Order, 3/30/05.

Defendants now move for summary judgment as to plaintiff's food preparation, medical care, and sanitation claims. Plaintiff was ordered to file a response to the motion by February 23, 2006, but failed to do so. The court therefore decides the motion without the benefit of a response.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005) (Fitzwater, J.), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.).[4] All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

---

[4] Although the verified pleadings of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e), *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the only sworn pleadings submitted by plaintiff are his original complaint filed on April 7, 2004 and his interrogatory answers filed on April 30, 2004. Nothing in those pleadings controverts the summary judgment evidence relied on by defendants.

III.

The threshold issue raised by defendants in their motion for summary judgment is whether plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).  The Texas prison system has developed a two-step grievance process.  A Step 1 grievance, which is handled at the prison level, must be filed within 15 days after the incident occurs.  If the prisoner receives an adverse decision at Step 1, he has 10 days to file a Step 2 grievance at the state level.  A prisoner must pursue his grievance at both the Step 1 and Step 2 levels in order to exhaust his administrative remedies.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004), *citing Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The summary judgment evidence shows that plaintiff has not exhausted his administrative remedies.  During the four months he was incarcerated at the Hutchins State Jail, plaintiff filed a total of four grievances.  In his first grievance, dated February 3, 2004, plaintiff requested a pillow. (Def. MSJ App. at 030).  Plaintiff's second grievance, dated February 8, 2004, asked for a 90-day supply of medicated shampoo for his dry scalp.  (*Id.* at 028).  The last two grievances, dated March 20, 2004 and April 1, 2004, complain about defective sinks and urinals and the presence of leeches,

flies, maggots, and mold in the bathrooms. (*Id.* at 024-027). There is no record of any grievance involving food preparation or the denial of medical care. Nor did plaintiff ever file a Step 2 grievance.[5]

Plaintiff's failure to exhaust his administrative remedies precludes any subsequent litigation arising out of the conditions of his confinement at the Hutchins State Jail. Accordingly, his claims should be dismissed with prejudice. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1809 (1999) (dismissal with prejudice appropriate where inmate seeks "federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures"); *see also Womack v. Simpson*, No. 3-04-CV-0767-K, 2004 WL 2070953 (N.D. Tex. Sept. 15, 2004), *rec. adopted*, 2004 WL 2271406 (N.D. Tex. Oct. 7, 2004) (dismissing sanitation claim against warden of Hutchins State Jail for failure to satisfy exhaustion requirement).

## **RECOMMENDATION**

Defendants' motion for summary judgment should be granted. Plaintiff's claims should be dismissed with prejudice for failure to exhaust administrative remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[5] At the *Spears* hearing held on September 10, 2004, plaintiff testified that the did not file grievances with respect to his other claims because his complaints were ignored and prior grievances went unanswered. Even if this were true, plaintiff still must attempt to present his claims to prison authorities before filing suit in federal court. *See Johnson*, 385 F.3d at 522 (grievance must alert prison administrators to a problem and give them an opportunity to address it); *Womack v. Simpson*, No. 3-04-CV-0767-K, 2004 WL 2070953 at *2 (N.D. Tex. Sept. 15, 2004), *rec. adopted*, 2004 WL 2271406 (N.D. Tex. Oct. 7, 2004) (prisoner must comply with exhaustion requirement even if some complaints are not grievable and prior grievances were ignored).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 14, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE